## R. Perry *v.* The State.

1. **Variance.** — Information for theft alleged the property to belong to J. W. Flanagan. The evidence proved it to belong to "Major Flanagan." *Held,* a material variance between the allegation and the proof, there being nothing to show identity of a person designated by both appellations.

2. **Plea.** — A conviction will be set aside unless the transcript shows that the accused pleaded, or that a plea was entered for him. Without a plea there was no issue to try.

Appeal from the County Court of Gregg. Tried below before the Hon. J. F. Witherspoon.

The information charged theft of 400 brick, alleged to be worth $4. Finding a verdict of guilty, the jury assessed the penalty at one year's imprisonment in the county jail and a fine of $150.

*McCord & Duncan*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The first error assigned by the defendant in this case is well taken.   The evidence does not correspond with the allegation made in the information as regards the ownership of the property charged to have been stolen. Appellant is charged with taking the property of J. W. Flanagan, and the proof is that it was the property of Major Flanagan.

The record fails to show that the defendant pleaded to the indictment, or that the plea of not guilty was entered up for him on the minutes of the lower court.   The fact that the defendant pleaded, or that a plea was entered for him, must affirmatively appear in the record, or a judgment of conviction will be set aside.   Without a plea there is no issue for the jury to try.   *Stacey* v. *The State*, 3 Texas Ct. App. 121; *Satterwhite* v. *The State*, 3 Texas Ct. App. 428, and the authorities there cited.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*